IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHANE MARK DUDDEN,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA EDUCATORS CREDIT UNION,<br><br>Defendant. | CV 23-118-M-DWM<br><br><br>ORDER |

On October 6, 2023 Plaintiff Shane Mark Dudden filed a complaint against Defendant Montana Educators Credit Union alleging breach of contract; he filed second document, labelled "Affidavit of Truth/Opening Complaint" ("Supplemental Complaint") the following week, on October 12, 2023. (*See* Docs. 1, 4.) Before Defendant had an opportunity to file a responsive pleading or otherwise appear, Plaintiff moved for summary judgment on October 27, 2023. (Doc. 6.) On October 31, 2023, Defendant moved to dismiss the action under Federal Rule of Civil Procedure 12(b)(6). (Docs. 7, 8.) Plaintiff, who is self-represented, responded with a "Motion to Deflect Defendant's Motion to Dismiss," which is construed here as a responsive brief. (Doc. 10.) That motion has been briefed. (*See* Docs. 8, 10, 11.) Defendant argues this case should be dismissed due to a (1) lack of subject-matter jurisdiction, (2) failure to state a claim upon which

1

relief can be granted, (3) insufficient service of process, (4) lack of personal jurisdiction, and (5) insufficient process. Plaintiff's response, littered with citations to various bible verses, is difficult to interpret but generally argues that Defendant's motion lacks merit. For the reasons explained below, Defendant has the better argument and its motion to dismiss is granted.

## LEGAL STANDARD

"A self-represented person is bound by the federal rules and all applicable local rules." L.R. Civ. 83.8(a). "Although [courts] construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). However, "there are limits to what a court must do to accommodate a party appearing pro se," *Washington v. Kijakazi*, 72 F.4th 1029, 1040 (9th Cir. 2023), and a pro se litigant is "expected to abide by the rules of the court in which he litigates," *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

## DISCUSSION

"If the court determines at any time that it lacks subject matter jurisdiction, it must dismiss the action." Fed. R. Civ. P. 12(h)(3). "It is to be presumed that a cause lies outside of federal courts limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022)

(citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (cleaned up). Federal courts have jurisdiction over "all cases arising under federal law" (federal question) and over "certain cases involving citizens of different states" (diversity). *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056 (9th Cir. 2018) (citing 28 U.S.C. §§ 1331, 1332). Diversity jurisdiction exists if the parties are completely diverse of citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "A plaintiff is the master of [his] complaint" and can choose to plead whatever claim he chooses. *Id.* However, if "these claims do not involve federal law or diverse parties, the action can be brought only in state court." *Id.*

Plaintiff filed, (Doc. 1), and served, (Docs. 2, 5), a complaint upon the Defendant ("Complaint"). In drafting the Complaint, Plaintiff used Pro Se Form 4: "Complaint for a Civil Case Alleging Breach of Contract." (*See* Doc. 1). The form pleads that the basis for jurisdiction is diversity jurisdiction under 28 U.S.C. § 1332 and provides spaces for a plaintiff to fill in the citizenship of the parties and the amount in controversy. (*See id.* at 3.) Instead of filling out this section, Plaintiff pleaded that the basis for jurisdiction is federal question jurisdiction under "Federal Reserve Section 29." (*Id.* at 4.) Although a minimum amount in controversy is not required for federal question jurisdiction to exist, Plaintiff pleaded that he is owed $5,325,000 at a minimum. (*Id.*) Plaintiff also filed a

3

second pleading document, construed here as his Supplemental Complaint, which lays out his case in more detail. His Supplemental Complaint includes many references to additional federal laws but he does not indicate if any of those laws provide federal question subject matter jurisdiction.

In his response to Defendant's motion to dismiss, Plaintiff provides seven bases for subject matter jurisdiction: "[1] because the breach of contract involves my Cestui Que Vie Trust which resides outside the State of Montana in the District of Columbia[;] [2] because it involves the defendant, MECU, taking my note (application) to a Federal Reserve Bank and being paid in full for the amount of the contract[;] [3] because of the amount involved[;] [4] because I am the Board of Governors of the Federal Reserve System[;] [5] because I am the one who is making advances to the Federal Reserve Bank for Federal Reserve notes . . . [;] [6] because notes are obligations of the United States; [and 7] because I am a foreign diplomat." (Doc. 10 at 2.) Besides these conclusory statements, Plaintiff fails to provide any explanation for why these bases establish subject matter jurisdiction.

Construing these arguments liberally in Plaintiff's favor, subject matter jurisdiction does not exist. First, although Plaintiff has pleaded that the amount in controversy is well above $75,000, he has not shown complete diversity of citizenship. *See* 28 U.S.C. § 1332. Plaintiff is a citizen of Montana but fails to allege facts showing that Defendant is a citizen of any state other than Montana.

Second, the federal law Plaintiff pleaded does not establish federal question jurisdiction. Section 29 of Federal Reserve Act was added by the Financial Institutions Regulatory and Interest Rate Control Act of 1978, and was codified, as amended, at 12 U.S.C. § 504. *White v. Lake Union Ga Partners LLC*, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023). Section 504, which is part of the Federal Reserve Act, provides for civil money penalties against "any member bank" and "any institution-affiliated party" that violates certain provisions of Title 12 or related regulations. 12 U.S.C. § 504. Further, the "section does not create a private right of action. Plaintiff, as an individual, cannot maintain a claim under this section." *Bockari v. J.P. Morgan Chase Bank*, 2016 WL 5234719, at *3 (E.D. Cal. Sept. 22, 2016), *report and recommendation adopted*, 2016 WL 10636364 (E.D. Cal. Dec. 27, 2016), *aff'd*, 695 F. App'x 309 (9th Cir. 2017). And, even if the section did provide a right of action under which Plaintiff could sue, he has not substantively cited any provision that Defendant allegedly violated. Therefore, § 29 of the Federal Reserve Act does not establish federal question jurisdiction here. Because subject matter jurisdiction does not exist, it is not necessary to consider Defendant's other grounds for dismissal.

## Conclusion

Accordingly, IT IS ORDERED that Defendant's motion to dismiss (Doc. 7) is GRANTED. Plaintiff's Complaint and Supplemental Complaint (Docs. 1, 4) are

DISMISSED without prejudice. All other motions and deadlines are VACATED as moot. If Plaintiff wishes to cure by refiling, he is advised again that all Federal Rules of Civil Procedure apply to him. They are "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

DATED this 1st day of December, 2023.

Donald W. Molloy, District Judge
United States District Court